# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>   Plaintiff,<br><br>  v.<br><br>AHMED NAJI dba Shop & Save Market, et al.,<br><br>   Defendants. | Case No. 1:25-cv-00210-SKO<br><br>**ORDER VACATING HEARING AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 22) |

## I. INTRODUCTION

Jose Acosta ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and state law. (Doc. 1.) Currently before the Court is Plaintiff's motion for leave to file a first amended complaint. (Doc. 22.) No opposition to the motion has been filed. (*See* Docket.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the previously scheduled hearing set on September 3, 2025, will be vacated. For the reasons set forth below, Plaintiff's unopposed motion will be granted.[1]

## II. PROCEDURAL HISTORY

Plaintiff filed the complaint in this action against Ahmed Naji, doing business as Shop & Save Market, and 766 Fresno, LLC (together, "Defendants") on February 14, 2025. (Doc. 1.) The

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 17.)

complaint asserts a claim for injunctive relief and attorney's fees arising out of an alleged violation of the ADA and a claim for damages pursuant to California's Unruh Act. (*Id*.) Defendants filed an answer to the complaint on April 22, 2025. (Doc. 8.)

On June 12, 2025, following the Mandatory Scheduling Conference, a Scheduling Order issued in the action. (Doc. 18.) The Scheduling Order provides, *inter alia*, that "[a]ny motions or stipulations requesting leave to amend the pleadings must be filed by no later than July 30, 2025." (*Id*. at 2.)

On July 30, 2025, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 22.) No opposition to the motion has been filed. (*See* Docket.)

### III.    MOTION FOR LEAVE TO AMEND

**A.    Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend after an answer has been filed, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *accord Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir. 2002); *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 797 (9th Cir. 2012). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

**B.    Discussion**

Plaintiff moves to amend the complaint to allege additional barriers to his access to the Shop

& Save Market located at 766 Fresno Street in Parlier, California (the "Facility"), as well as add an additional defendant, the City of Parlier, who was "recently identified through discovery." (*See* Doc. 22-1 at 1–3; Doc. 22-3 at ¶¶ 2, 8, 11–12.)

### 1. Bad Faith and Undue Delay

Here, there is no evidence that Plaintiff has sought amendment of the complaint in bad faith or with undue delay. The Scheduling Order provided that any motion to amend the complaint must be filed no later than July 30, 2025. (Doc. 18 at 2.) Since the motion was filed before the expiration of the deadline to amend, Rule 15(a) governs and leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with liberality, although less so when new parties are proposed. *See Union Pacific R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties") (citing Martell v. Trilogy Ltd., 872 F.2d 322, 324 (9th Cir. 1989). *See also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001); *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). Here, the Court has no basis upon which to find Plaintiff unduly delayed seeking amendment, having learned about the new defendant City of Parlier through information obtained from his consultant during the site inspection (*see* Doc. 22-2 ¶ 3), or that he engaged in bad faith in seeking to amend.

### 2. Futility

The Ninth Circuit has held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Moeller v. Taco Bell Corp.*, 966 F.Supp.2d 899, 904 (N.D. Cal. 2013) (quoting *Oliver v. Ralphs Grocery Co*., 654 F.3d 909 (9th Cir. 2011)). A complaint provides fair notice to the defendant where each non-compliant architectural feature is alleged in the complaint. *Oliver*, 654 F.3d at 908.

A plaintiff need not have encountered every barrier that bars an access to seek an injunction to remove the barriers. *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1138 (9th Cir. 2002). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him

of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability. . . ." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).  Accordingly, Plaintiff may amend his complaint to allege all identified barriers that relate to his disability to seek injunctive relief as to those barriers.  Plaintiff may also add the City of Parlier as a defendant under *Chapman*. *See, e.g., Yates v. Perko's Cafe,* No. C 11–00873 SI, 2011 WL 2580640, at *4–5 (N.D. Cal. June 29, 2011) (granting the plaintiff's motion to amend complaint to allow plaintiff to add a defendant and meet the *Chapman* pleading requirements).

### 3. Prejudice

This is Plaintiff's first request to amend the complaint.  The Court finds no prejudice to Defendants by allowing amendment of the complaint, and they have not rebutted the presumption in favor of granting leave to amend (as evidenced by their failure to oppose the motion).  *See Eminence Capital*, 316 F.3d at 1052 (Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.).

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. The hearing set for September 3, 2025, is VACATED;
2. Plaintiff's unopposed motion for leave to file a first amended complaint (Doc. 22) is GRANTED; and
3. Plaintiff shall file the first amended complaint, of which a redlined version is attached as Exhibit A to the Moore Declaration (Doc. 22-3), **by no later than October 1, 2025**, to allow time for the City of Parlier to consider Plaintiff's governmental claim.

IT IS SO ORDERED.

Dated:  **August 15, 2025**              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE